IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COX AUTOMOTIVES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00292-DGK |
| | ) |
| SUPER DISPATCH INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This case arises from Plaintiff Cox Automotives, Inc's ("Cox") allegations that Defendant Super Dispatch Inc. ("Super Dispatch") has committed false advertising, unfair competition, and other business torts against Cox. Super Dispatch denies the allegations.

Now before the Court is Super Dispatch's partial motion for summary judgment. ECF No. 146. Super Dispatch seeks summary judgment in its favor on Count I (False Advertising and Unfair Competition Under the Lanham Act), Count II (Misappropriation of Trade Secrets Under the Missouri Uniform Trade Secrets Act), Count III (Tortious Interference with Cox's Contracts and Business Relationships), and Count VI (Violation of the Computer Fraud and Abuse Act). It also seeks partial summary judgment on Count V (Unjust Enrichment) and Count VII (Computer Tampering Under Missouri's Computer Tampering Act).

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must "substantiate [her] allegation with sufficient probative evidence [that] would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

Here, Super Dispatch's arguments turn on disputed questions of material fact which will require credibility determinations to resolve or evidence the Court has ruled is inadmissible. Consequently, these claims are not suitable for resolution via summary judgment.

The motion is DENIED.

Cox's Motion for Leave to File Sur-Reply, ECF No. 196, is DENIED AS MOOT. And since the Court did not consider the authority cited by Cox in its Notice of Supplemental Authority, ECF No. 242, Super Dispatch's Motion to Strike Plaintiff's Notice of Supplemental Authority, ECF No. 245, is also DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   November 11, 2025              /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT