IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| COX AUTOMOTIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00292-DGK |
| | ) | |
| SUPER DISPATCH INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO STRIKE DECLARATIONS

This case arises from Plaintiff Cox Automotives, Inc's ("Cox") allegations that Defendant Super Dispatch Inc. ("Super Dispatch") has committed false advertising, unfair competition, and other business torts against Cox. Super Dispatch denies the allegations.

Now before the Court is Cox's Motion to Strike Declarations Submitted in Support of Defendant Super Dispatch's Motion for Summary Judgment. ECF 168. Cox moves to strike the declarations of five previously undisclosed witnesses submitted in support of Super Dispatch's motion for summary judgment. The motion is GRANTED because Super Dispatch violated Rules 26(a) and 26(e), and its failure to identify the witnesses earlier was not substantially justified or harmless.

**Background**

Super Dispatch served its initial disclosures on August 6, 2024, and supplemental initial disclosures on October 18, 2024. Neither disclosure included Daniel Delgado, Jack Wieglus, Laurel Sharpe, Matt Sweatfield, or Jay Feffer. Fact discovery closed on February 28, 2025, and Super Dispatch did not disclose these individuals as having relevant information at any point

before serving its summary judgment briefing. On June 27, 2025, Super Dispatch moved for summary judgment supported in part by declarations from these five individuals.

## Standard

Federal Rule of Civil Procedure 26 prescribes the parties' duty to disclose information. Rule 26(a) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) states, a party "must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This is "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). Where there is a violation, the burden is on the potentially sanctioned party to prove harmlessness or justification. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

## Analysis

Super Dispatch did not disclose any of the declarants as witnesses in its Rule 26(a)(1) disclosure, in a Rule 26(e) disclosure, or at any point during the discovery period. Since Super Dispatch did not identify these individuals as witnesses during discovery, Cox did not have the opportunity to depose them or otherwise evaluate the basis for their testimony.

Super Dispatch responds that the failure to disclose was substantially justified because "[o]nly in preparing its dispositive motions did Super determine that its existing customers might have relevant insight into these issues," and "[o]nly after the close of discovery did Super learn that these five customers were willing to make supporting declarations." Resp. at 3, ECF No. 189. It argues the failure to disclose was harmless because Cox could have reached out during discovery to locate customers who would have described why they subscribe to Super Dispatch and/or Central Dispatch. *Id*. at 4. It contends these declarations are important because they "contextualize how customers use Super's services, their reasons for choosing particular platforms, and how they view the data they provide the parties." *Id*. It asserts, "[a]s far back as preparing and filing the Complaint, Cox knew (or should have known) about Super's customer base . . . and the importance of customer perspectives to the issues at hand. Meaning: Cox had the opportunity to seek information for or about Super's customers. Cox chose not to do that." *Id*. at 4–5.

Super Dispatch's argument is underwhelming. Super Dispatch contends its failure to disclose was substantially justified because "only in preparing its dispositive motions did Super determine its existing customers might have relevant insight into these issues." But this assertion is undercut by its claim that before filing its Complaint, "Cox knew (or should have known) about Super's customer base . . . and the importance of customer perspectives to the issues at hand." If Cox knew or should have known about the importance of this information before filing suit, then Super Dispatch knew the importance of this information too, and it should have disclosed it. So, its failure to disclose was not substantially justified.

Similarly, Super Dispatch's own words undercut its claim that the failure to disclose was harmless. If the information in the declarations is so important, then not identifying these witnesses until moving for summary judgment prejudiced Cox by depriving it of an opportunity

3

to depose them or investigate their statements. *See Malone v. Ameren UE*, 646 F.3d 512, 515–16 (8th Cir. 2011) (affirming district court's exclusion of affidavits where the opposing party had "no opportunity to depose the witnesses"); *Digit. Ally, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 11-00130-CV-W-GAF, 2012 WL 13027827, at *3 (W.D. Mo. Aug. 15, 2012) (finding a failure to supplement under Rule 26 was harmful "because the time for discovery has closed" and the party could not depose the declarant or "otherwise investigate his statements made in the declaration"). Further, curing the prejudice at this stage in the proceedings by reopening discovery is not feasible where there is a pending summary judgment motion and a rapidly approaching pretrial conference. *See Parker v. City of Vanddalia, Mo.*, No. 2:18CV13JMB, 2020 WL 4334949, at *2 (E.D. Mo. July 28, 2020) (striking exhibits containing affidavits of undisclosed witnesses where case had pending summary judgment motion and fast approaching trial date); *see also Anderson v. AstraZeneca, L.P.*, 477 Fed. App'x 427, 428 (8th Cir. 2012) (holding that district court did not abuse its discretion pursuant to Rule 37(c)(1) by striking affidavits of undisclosed witnesses offered at summary judgment because opposing party "did not have a full and fair opportunity to depose the witnesses about their testimony").

Because Super Dispatch has not shown substantial justification or harmlessness, the motion is GRANTED. Super Dispatch cannot rely on declarations from these individuals in its motion for summary judgment, nor can it call them as witnesses at trial or otherwise use their testimony.

**IT IS SO ORDERED.**

Date:   November 11, 2025                     /s/ Greg Kays
                                                                                GREG KAYS, JUDGE
                                                                                UNITED STATES DISTRICT COURT