IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COX AUTOMOTIVES, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00292-DGK |
| SUPER DISPATCH INC., | ) |
| Defendant. | ) |

## ORDER RULING ON MOTIONS IN LIMINE

This case arises from Plaintiff Cox Automotives, Inc's ("Cox") allegations that Defendant Super Dispatch Inc. ("Super Dispatch") has committed false advertising, misappropriation of trade secrets, tortious interference with contracts, and other business torts against Cox. Super Dispatch denies the allegations.

Now before the Court are the parties' motions *in limine*. ECF Nos. 208, 210 (redacted, the unredacted motion is 220), 213, and 215. For the following reasons, Cox's motions are GRANTED IN PART and DENIED IN PART, and Super Dispatch's motions are DENIED.

### Cox's motions *in limine*

Cox has filed three separate motions in limine. ECF Nos. 208, 213, and 215. The Court rules as follows.

**1.  The testimony of Matt Bradley and John Solka is excluded.**

Cox's first motion in limine, ECF No. 208, moves to exclude the testimony of two Super Dispatch executives, Matt Bradley and John Solka, because Super Dispatch did not identify them in either its Federal Rule of Civil Procedure 26 disclosures or in its response to Cox's interrogatory regarding individuals likely to have discoverable information. On October 10, 2025, Super

Dispatch included Bradley and Solka on its trial witness list. Cox argues that the failure to identify them was neither substantially justified nor harmless, thus under Federal Rule of Civil Procedure 37(c)(1), Super Dispatch should not be allowed to use their testimony.

In response, Super Dispatch argues that the failure to identify them as witnesses was both substantially justified and harmless. It also cautions that the two are "apex witnesses" whose testimony is important. It contends the failure to disclose Bradley was substantially justified because he was mentioned in multiple depositions and Cox's attorneys had inquired into his role. Solka was similarly identified by both of Super Dispatch's 30(b)(6) witnesses as someone who prepared exhibits that were referred to in those depositions. Thus, they were timely disclosed through the discovery process. Further, any non-disclosure was harmless because "Cox waited until the eve of trial to make their own inaction an issue for the Court." Resp. at 2–3, ECF No. 223. Additionally, "[b]y choosing not to depose these individuals, Cox made this an issue for themselves." Resp. at 7, ECF No. 223. Finally, any prejudice Cox suffered could be ameliorated by Cox requesting to depose Bradley and Solka before trial.

Rule 26 prescribes the parties' duty to disclose information. Rule 26(a) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) states a party "must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as

required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This is "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). Where there is a violation, the burden is on the potentially sanctioned party to prove harmlessness or justification. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

The Court holds Super Dispatch has not carried its burden of proving substantial justification or harmlessness. Super Dispatch was not substantially justified in failing to disclose these witnesses pursuant to Rule 26(e). This is particularly true given its claim that these two are "apex witnesses;" failing to make a Rule 26(e) disclosure of two important witnesses suggests the failure to disclose was a deliberate strategic decision. Super Dispatch's claim that they were timely disclosed through discovery is also unpersuasive. The fact that an individual's name comes up several times in discovery is not enough to put the other party on notice that the individual is likely to have discoverable information that the non-disclosing party may use to support its claims or defenses. And the non-disclosure was not harmless since discovery is now closed and there is not enough time before the trial for Cox to thoroughly investigate and depose these witnesses. *See Digit. Ally, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 11-00130-CV-W-GAF, 2012 WL 13027827, at *3 (W.D. Mo. Aug. 15, 2012) (finding a failure to supplement under Rule 26 was harmful "because the time for discovery has closed" and the party could not depose the declarant or "otherwise investigate his statements made in the declaration"); *see also Parker v. City of Vanddalia, Mo.*, No. 2:18-CV-13-JMB, 2020 WL 4334949, at *2 (E.D. Mo. July 28,

2020) (striking exhibits containing affidavits of undisclosed witnesses where case had pending summary judgment motion and fast approaching trial date).

Because Super Dispatch has not demonstrated substantial justification or harmlessness, the motion is GRANTED. Super Dispatch cannot rely on any declarations made by Bradley or Solka, present their testimony at trial, or otherwise use their testimony.

## 2. Cox's request to preclude Super Dispatch from using eleven financial documents not produced until May 9, 2025, is denied.

Related to the above, Cox moves to preclude Super Dispatch from introducing information, testimony, or arguments at trial relying on documents that it did not produce during fact discovery. ECF No. 213. Cox argues Super Dispatch late-disclosed eleven documents, and they should be excluded under Rule 37(c)(1).

The background to this request is as follows. On August 6, 2024, Cox served document requests and interrogatories on Super Dispatch, including requests for financial information. Super Dispatch failed to produce all responsive documents. Eventually, the Court ordered Super Dispatch to supplement its production of financial documents and supply this information.

Fact discovery closed on March 7, 2025, and expert discovery closed on May 30, 2025. On May 9, 2025, Super Dispatch produced eleven financial documents responsive to Cox Automotive's document requests for the first time. It produced these documents at the same time as it served its expert's report on Cox. These documents were referenced in the disclosures for Super Dispatch's damages expert Bryan Van Uden, and he cited these documents.

Assuming for the sake of argument these documents were late disclosed (which is unclear here, since they were produced before the close of expert discovery), the Court holds Cox has not been harmed by any late disclosure. Cox cross-examined Van Uden about these documents, and Cox's expert also issued his own rebuttal report which addressed the documents. And if it wished

4

to conduct more discovery related to these documents, it had ample time to ask the Court to extend expert discovery to do so.

Consequently, this request is DENIED.

3. **Cox's motion to exclude anti-competitive characterizations is granted.**

Finally, Cox moves to preclude Super Dispatch from introducing any argument, testimony, or evidence referencing, antitrust litigation involving Cox; alleging Cox is engaged in monopolization or ant-competitive conduct; and referring to Cox as being a "monopoly," "monopolistic," "anti-competitive," or using similar terms. ECF No. 215.

In support of its request, Cox notes that in its reply brief on its motion for summary judgment, Super Dispatch compares Cox's trade secret claim in this case to antitrust claims Cox alleged in the complaint against a different party in a different case.[1] Super Dispatch describes Cox's trade secret claim in this case as "plac[ing] anticompetitive restrictions on shipper and carrier data in order to maintain their dominance over the spot market, favor their own products and services, and injure competing products and services such as those offered by Super [Dispatch]." Reply Br. at 110-11, ECF No. 193-1. Cox contends antitrust claims are irrelevant to the claims in this case and so should be excluded under Federal Rule of Evidence 402, or alternately, excluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

In response, Super Dispatch argues Cox's alleged anticompetitive behavior is relevant to Super Dispatch's "unclean hands" affirmative defense to Cox's claims of unfair competition and tortious interference. It also contends the terms Cox seeks to exclude are not unfairly prejudicial under Rule 403.

---

[1] That case is Cox Automotive, Inc. v. CDK Global, LLC, No. 17-cv-925 (W.D. Wis. filed Dec. 11, 2017).

The motion is GRANTED because conduct supporting an unclean hands defense "must have an immediate and necessary relation" to the claim for relief, and the required substantial nexus is not met here with respect to the claims in this case. *See Shaver v. Heller & Merz Co.*, 108 F. 821, 834 (8th Cir. 1901); *Champion Salt, LLC v. Arthofer,* No. 4:21-cv-00755-JAR, 2021 WL 4059727, at *7 (E.D. Mo. Sept. 7, 2021) (requiring that conduct supporting an unclean hands defense be related "to the controversy in issue" with a "substantial nexus between the claim and the action establishing unclear hands"); *Nestle Purina Petcare Co. v. The Blue Buffalo Co. Ltd.*, No. 4:14-CV-859 RWS, 2016 WL 4272241, at *3-4 (E.D. Mo. Aug. 12, 2016) (citing *Shaver* and noting the "substantial nexus" requirement). For example, Cox's tortious interference claim (Count III) alleges Super Dispatch interfered with Cox's contracts and valid business relationships with its customers, specifically the Terms of Use for using CentralDispatch. Cox's unfair competition claim (Count IV) alleges Super Dispatch made false and misleading statements in its promotional materials and unlawfully acquired Cox's trade secrets. There is little to no relationship between these claims and Super Dispatch's bare allegations of anticompetitive behavior by Cox. *See AvidAir Helicopter Supply, Inc. v. Rolls-Royce Corp.*, No. 06-0816-CV-W-ODS, 2010 WL 11515184, at *1-2 (W.D. Mo. Aug. 10, 2010) (precluding plaintiff from presenting evidence of "anticompetitive acts" and "false and misleading claims" to support an unclean hands defense to trade secret misappropriation counterclaims). Hence, antitrust allegations are not relevant to this case.

Even if such allegations had some probative value, the Court would still exclude them under Rule 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time with the Court getting bogged down in a mini trial on unsupported antitrust allegations. As Cox rightly notes, Super Dispatch has not developed

any evidence necessary to support an antitrust claim, such as defining a relevant market or establishing the existence of monopoly power in such a market, nor has it procured expert testimony which could support such a claim. Since there is no evidence to support an antitrust allegation, Super Dispatch should not be allowed to use prejudicial labels like "monopoly" and "anti-competitive."

## Super Dispatch's motions *in limine*

Super Dispatch filed an omnibus motion in limine containing three requests. ECF No. 210. The Court rules on each as follows.

**1.  Super Dispatch's request to exclude evidence regarding Bek Abdullayev's criminal history is denied, but the Court will give a limiting instruction.**

Super Dispatch moves to exclude evidence of the visa fraud conviction of its former CEO and current Chairman of the Board of Directors, Bek Abdullayev. In 2010, Abdullayev pled guilty to one count of racketeering in relation to a visa fraud scheme for which he was sentenced to and served twenty-one months and two days in prison, or time served. Super Dispatch claims his conviction is not relevant to any issue in this case and thus should be excluded under Federal Rule of Evidence 401. Alternately, it should be excluded under Rule 403 as more prejudicial than probative. It argues the Court should also preclude Cox from using it to impeach his credibility as a witness under Rule 609 or 404.

Cox has asserted claims against Super Dispatch for various business torts. As part of its defense, Super Dispatch claims Cox Automotive unreasonably delayed in filing suit, brought certain claims in bad faith, and failed to mitigate its damages. One fact it has argued in its defense is that before filing suit, Cox explored a potential partnership with Super Dispatch. Super Dispatch's summary judgment motion refers to a Cox document that discusses the potential of "trying to purchase" Super Dispatch.

7

There is no dispute that in 2023, Cox Automotive abruptly terminated attempts to resolve the dispute through a partnership or other business arrangement. Cox contends it did so because it learned of Abdullayev's criminal conviction, which was a "red flag" for it. Cox contends his conviction is relevant to the issues of delay, bad faith, and mitigation of damages because it explains why Cox Automotive devoted time and effort into a potential partnership with Super Dispatch but ultimately did not proceed down that path.

The Court holds that allowing Cox to introduce the reason it terminated business discussions with Super Dispatch is necessary to show that it engaged Super Dispatch in good faith. Thus, the conviction is relevant to material issues and admissible under Rule 401 and 404(b)(2). Although there is some danger of unfair prejudice to Super Dispatch, this danger can be eliminated via a limiting instruction explaining to the jury for which purposes the conviction can and cannot be considered. Thus, this evidence should not be excluded under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.

The Court also holds Abdullayev's conviction is admissible under Rule 609 to impeach his credibility as a witness. Viewed from Cox's perspective, this case is about cheating, fraud, and dishonesty. Thus, in the context of the specific facts and circumstances of this case, the probative value of his fraud conviction substantially outweighs its prejudicial effect.

**2. Super Dispatch's request to exclude the testimony of Andrew Vess for lack of personal knowledge is denied.**

Super Dispatch also moves to exclude the testimony of Cox's employee Andrew Vess under Rule 602 for lack of personal knowledge.[2] Cox has disclosed Vess as a financial analyst with information regarding financial reports which allegedly show commercial harm to Cox

---

[2] Rule 602 provides, in relevant part, that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge on the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

stemming from Super Dispatch's activities. Super Dispatch argues his testimony lacks sufficient personal knowledge because, for example, he did not know anything about Cox's acquisition of Dealertrack, the company that owned Central Dispatch before both were acquired by Cox.

While Vess may not know everything pertaining to Central Dispatch, that does not mean he cannot testify about anything pertaining to Central Dispatch. Cox has indicated he will be testifying about financial reports it produced to Super Dispatch during discovery, and during his deposition, Vess confirmed that his responsibilities at Cox included corporate financial functions for Central Dispatch. Thus, it appears he has sufficient personal knowledge to testify on these topics.

**3. Super Dispatch's request to exclude unidentified documents and communications to which no witness has personal knowledge is too vague for the Court to rule on it.**

Finally, Super Dispatch moves to exclude "documents and communications of which no witness has personal knowledge, including but not limited to certain messages sent via . . . Super Dispatch's Slack platform."[3] Mot. at 7, ECF No. 220 (citing Fed. R. of Evid. 602). Super Dispatch argues that because of the way its employees used Slack in-house, they often did not read Slack messages that they received. Thus, even if a Super Dispatch employee received a particular Slack message, Cox cannot demonstrate that the employee has the requisite personal knowledge to testify about the message.

As a threshold matter, the Court cannot rule on this motion in limine because Super Dispatch fails to identify any specific document or communication that it is moving to exclude. "Motions in limine should be directed at specific evidence, not broad, vague categories of evidence or testimony." *Rightchoice Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-cv-06037-

---

[3] Slack is a messaging platform that organizes communications around projects, teams, or topics.

DGK, 2021 WL 4258747, *2 (W.D. Mo. Sept. 17, 2021) (denying motion in limine because the Court "cannot decide this issue due to the lack of specificity"); *see Linstrom v. QuikTrip Corp.*, No. 4:19-cv-00454-DGK, 2020 WL 6140553, *1 (W.D. Mo. Oct. 19, 2020) ("As a threshold matter, the Court cannot rule on this request because it is too vague.").

That said, if Super Dispatch seeks to preclude Cox from questioning a Super Dispatch employee about a Slack message he or she received on the grounds that the witness does not have personal knowledge of it because he or she never read the message, that effort will likely fail. Whether a witness read a particular message in a Slack channel to which the witness belonged is a question of fact. If the witness denies having read the message or testifies he or she can't remember reading it or not, that is a credibility issue to be evaluated by the jury. *See Winters v. PACCAR, Inc.*, No. 15-00749-CV-W-DW, 2017 WL 5957775, at *2 (W.D. Mo. Apr. 27, 2017) (denying a motion to prevent a witness from testifying about an event several years prior on the basis that the witness cannot recall details about the event, because the witness's inability to recall certain specific facts about the event "speaks to the credibility of the testimony, not to its admissibility").

**IT IS SO ORDERED.**

Date:   November 11, 2025              /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT