IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| COX AUTOMOTIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00292-DGK |
| | ) | |
| SUPER DISPATCH INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO EXCLUDE EXPERT TESTIMONY

This case arises from Plaintiff Cox Automotives, Inc's ("Cox") allegations that Defendant Super Dispatch Inc. ("Super Dispatch") has engaged in false advertising, misappropriated Cox's trade secrets, tortiously interfered with Cox's contracts and business relationships, and engaged in unfair competition and computer tampering. Super Dispatch denies the allegations.

Now before the Court is Cox's Motion to Exclude Opinions and Expert Testimony of Bryan Van Uden. ECF 142. Van Uden is Super Dispatch's expert who has issued a report rebutting the opinion of Cox's expert on damages, Dr. Stephen Becker. In short, Van Uden opines that Dr. Becker has exaggerated Cox's damages. Cox moves to exclude several portions of Van Uden's opinions. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a

preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if the following conditions are met:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Id*. at 758.

The Eighth Circuit has repeatedly observed that, as a rule, "'the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility,'" but "'if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded.'" *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (quoting *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 415 (8th Cir. 2005)).

In the present case, Cox moves to exclude Van Uden's opinions: (1) concerning what Van Uden thinks is a trade secret, (2) concerning what Van Uden thinks is equitable, (3) Van Uden's opinions based on conversations with Super Dispatch employees who were not disclosed as witnesses during discovery (i.e., Matt Bradley and John Solka), and (4) his opinions relying on documents which were not disclosed during the fact discovery period.

A. **His opinions concerning what is a trade secret are excluded.**

With respect to the first category, Cox rightly argues that what is a trade secret is a question of law to be determined by the Court. *AvidAir Helicopter Supply, Inc. v. Rolls-Royce Corp.*, 663

F.3d 966, 971 (8th Cir. 2011) ("Though the existence of a trade secret is a fact-intensive inquiry, it is ultimately a question of law determined by the court."). Thus, expert testimony concerning what is protectable as a trade secret is improper. *United States v. Bull*, 8 F.4th 762, 768 (8th Cir. 2021) ("[E]xpert testimony on legal matters is not admissible because matters of law are for the trial judge."). "Accordingly, a district court may exclude the testimony of an expert if it finds that such testimony constitutes an impermissible instruction on the law." *Id.* at 768; *see Consultus, LLC v. CPC Commodities*, No. 19-CV-00821-FJG, 2023 WL 11950656, at *2–3 (W.D. MO. April 12, 2023) (excluding expert's legal conclusions as to what is a trade secret and what is protectable as a trade secret). Cox contends that some of Van Uden's opinions are premised on his improper opinion that some of the data in Cox's data compilation is not protectible as a trade secret, and it asks the Court to exclude these opinions.

In response, Super Dispatch does not dispute that the existence of a trade secret is a legal question for the Court to decide, nor does it dispute that expert testimony concerning what is protectable as a trade secret is improper. It argues Cox is misconstruing Van Uden's testimony. Super Dispatch contends Van Uden is not redefining what Cox's trade secrets are, rather he is opining on how Dr. Becker misapplied the alleged trade secrets Super Dispatch used in its product offerings, thus inflating the damages calculation.

As an initial matter, the Court notes that a common feature running through Super Dispatch's briefing on this and related issues is an attempt to narrow the scope of Cox's protectable trade secret—which is a compilation of shipper data—by arguing that information provided by an individual shipper to a loadboard is the shipper's data and therefore cannot be protectable as a Cox trade secret. This argument ignores the fact that what Cox is claiming as a trade secret is not an individual shipper's data, but an aggregation of such data; that is, the data for thousands of

individual shippers compiled in one place. This compilation is a protectable trade secret.

Turning back to Van Uden's report, the Court finds Super Dispatch's argument unavailing. Two paragraphs from Van Uden's expert report demonstrate that he is opining on what data is protectable as a trade secret.

> 133. The Becker Report's reasonable royalty opinion is not specific to the actual alleged trade secrets and instead assumes that Cox's trade secrets apply to all of Super Dispatch's revenues from April 23, 2019[,] through December 31, 2024, *regardless of the actual use of a Cox trade secrets [sic] versus data belonging to the user of the platform. This overreach in the breadth of Cox's alleged trade secrets* fails the primary guidance set forth in University Computing which "is to measure the value to the defendant of what he actually obtained from the plaintiff[.]" As a result, the Becker Report's reasonable royalty measure is overinclusive and fails to reliably reflect the value that could be associated with Cox's alleged trade secrets.
>
> 134. The Becker Report states that the "trade secrets at issue include data associated with shipments posted to Central Dispatch, such as specific contacts, shipping lanes, ratings, pricing, volume, and carriers associated with the shipper." *I understand this description to be overly broad and that Cox's trade secrets are more properly limited to the "compilation of data associated with shipments exclusive to CentralDispatch-including specific contacts, shipping lanes, ratings, pricing, volume, and carriers associated with the shipper." More specifically, I understand that Super Dispatch takes the position that information contained in an individual dispatch sheet or information provided by a shipper when posting a listing to a loadboard is the customer's data and therefore not protectible as a Cox trade secret.*

Van Uden Rebuttal Expert Report ¶¶ 133–134, ECF No. 162-1 (emphasis added). Super Dispatch's attempt to salvage these opinions by pointing to deposition excerpts where Van Uden testified that he was not holding himself out as an expert in whether something is or is not a trade secret, is unpersuasive. "[J]ust because the expert states that he is not giving a legal opinion does

not make it so." *Morris v. Hockemeier*, No.05-0362-CV-FJG, 2007 WL 1747136, at *4 (W.D. Mo. June 18, 2007). Because Van Uden is opining on what constitutes a trade secret, this part of the motion is GRANTED. Paragraphs 133–138, 146, and 163 of Van Uden's expert report are excluded.

**B.      Van Uden's opinion whether disgorgement damages are equitable is impermissible.**

"Whether or not equitable relief will be granted rests in the sound discretion of the court." *Petroleum Expl. v. Pub. Serv. Comm'n of Ky.*, 304 U.S. 209, 218 (1938). Expert opinion on whether to award equitable relief exceeds the bounds of admissible testimony. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible."). In his report, Van Uden reviews what Cox allegedly knew about Super Dispatch's conduct and then opines as to whether it would be "equitable" to find that Super Dispatch was unjustly enriched. Van Uden Rebuttal Expert Report ¶¶ 106-112, 128. Van Uden concludes that, "[b]ased on the foregoing, it does not logically follow that, *from an equitable perspective*, Super Dispatch was unjustly enriched by actions that Central Dispatch not only knew of but also did not want to disturb." *Id.* ¶ 111 (emphasis added); ¶ 128 ("Therefore, *from an equitable perspective*, assuming that Super Dispatch was unjustly enriched as early as 2018, given Cox's knowledge, and actions, leads to an unreliable basis and conclusion of damages in this matter.") (emphasis added). Van Uden's deposition denial that he is not providing any legal opinions is unavailing. *Morris*, 2007 WL 1747136, at *4. The Court excludes paragraphs 106–112 and 128 of his report.

**C.      Van Uden's opinions based on undisclosed witnesses are excluded.**

In ruling on the parties' motions in limine, the Court explained at length why the testimony of Matt Bradley and John Solka is excluded for any purpose under Federal Rule of Civil Procedure

37(c)(1). Order Ruling on Motions in Limine at 1–4, ECF No. 251. The Court will not rehash that analysis here.

Cox argues—and Super Dispatch does not dispute[1]—that the portions of Van Uden's report based on his conversations with Bradley or Solka are paragraphs 72, 83, 102, 114–122, 134, 146, 147, 158, 165, and 169–175, as well as Van Uden's entire opinion regarding a reasonable royalty calculation, found in paragraphs 164–172. Hence, the Court strikes paragraphs 72, 83, 102, 114–122, 134, 146, 147, 158, 165, and 169–175, and Van Uden's opinion regarding a reasonable royalty calculation found in paragraphs 164–172.

**D.    Van Uden's opinions based on documents not disclosed during fact discovery, but produced with his expert report, are not excluded and may be used by Van Uden.**

The Court's motion in limine ruling also explained why the Court would not exclude Super Dispatch from using eleven documents it did not produce until May 9, 2025, the date it served Van Uden's report. *Id*. at 4–5. Thus, the portion of Cox's motion seeking to exclude Van Uden's opinion based on those documents is DENIED.

**IT IS SO ORDERED.**

Date:    November 17, 2025            /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT

---

[1] Of course, Super Dispatch disputes that there has been any Rule 37(c)(1) violation at all.