IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COX AUTOMOTIVE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:24-cv-00292-DGK |
| SUPER DISPATCH INC., | ) |
| Defendant. | ) |

**ORDER GRANTING PERMANENT INJUNCTION**

This case arises from Plaintiff Cox Automotives, Inc's ("Cox") allegations that Defendant Super Dispatch Inc. ("Super Dispatch") has engaged in false advertising, misappropriated Cox's trade secrets, tortiously interfered with Cox's contracts and business relationships, and engaged in unfair competition and computer tampering. Super Dispatch denies the allegations.

Now before the Court is the parties' Joint Motion for Entry of Consent Injunction, ECF No. 260, which the Court construes as an agreed upon motion for entry of a permanent injunction. The text of this injunction was emailed to chambers and is identical to the injunction (the "Consent Injunction") entered below.

The Parties having agreed and consented to the making and entry of the Consent Injunction, which is supported by the record, and agreed and consented to the filing of a joint stipulation of dismissal with prejudice promptly following the Court's entry of this Consent Injunction, the motion is GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 as it involves claims arising under the Lanham Act, the Computer Fraud and Abuse Act, and related state laws.

2. This Court has personal jurisdiction over both Super Dispatch and Cox Automotive, and venue is proper within this judicial district pursuant to 28 U.S.C. § 1391.

3. Super Dispatch, its officers, agents, servants, employees, and all other persons or entities who are in active concert or participation with the foregoing are, as of March 19, 2026, permanently ENJOINED from:

   a) offering a Chrome extension that interacts with Cox Automotive's Central Dispatch platform;

   b) offering products to post loads on Central Dispatch, including web-based posting, email-based posting, or otherwise;

   c) using any automated means (including, without limitation, scraping, copying, and downloading), other than as specifically addressed in Paragraph 4, to import into any platform, software, product, and/or service owned and/or operated by or on behalf of Super Dispatch, any: (i) load information from Central Dispatch; (ii) information pertaining to any Central Dispatch customer; (iii) information or data pertaining to the operation of Central Dispatch; and/or (iv) information or data pertaining to any Central Dispatch customer's actions or inactions on Central Dispatch.

4. Super Dispatch customers may import PDFs of dispatch sheets and/or load information contained in, or otherwise derived from information contained in, dispatch sheets from Central Dispatch into Super Dispatch's products subject to the following restrictions:

   a) dispatch sheets and data included in dispatch sheets that Super Dispatch knows or determines comes from Central Dispatch shall be available only to the specific customer that uploaded any of the foregoing into Super Dispatch;

   b) dispatch sheets and data included in dispatch sheets that Super Dispatch knows or

determines comes from Central Dispatch shall not be used by Super Dispatch in any capacity other than to make the dispatch sheets, and/or any information contained in such dispatch sheets, available to the specific customer that uploaded any of the foregoing into Super Dispatch; and

    c) compliance with the foregoing restrictions is subject to audit at Cox Automotive's discretion, and violations shall be addressed through contempt proceedings.

5. Super Dispatch, its officers, agents, servants, employees, and all other persons or entities who are in active concert or participation with the foregoing are hereby permanently ENJOINED from obtaining login credentials for Central Dispatch from Central Dispatch customers or from any other source. To the extent Super Dispatch holds login credentials for Central Dispatch, those login credentials shall be disclosed to Cox Automotive no later than March 19, 2026, and Super Dispatch shall permanently destroy and/or delete any record of those login credentials on or before March 19, 2026.

6. Super Dispatch, its officers, agents, servants, employees, and all other persons or entities who are in active concert or participation with the foregoing are, as of March 19, 2026, permanently ENJOINED from all use of known Central Dispatch information, ratings, and pricing data obtained (directly or indirectly) from Central Dispatch. No later than March 19, 2026, Super Dispatch shall verify under penalty of perjury: (i) that it has permanently deleted all known Central Dispatch information, ratings, and pricing data obtained (directly or indirectly) from Central Dispatch and (ii) that it will make no use of known Central Dispatch information, ratings, and pricing data obtained (directly or indirectly) from Central Dispatch.

7. Super Dispatch, its officers, agents, servants, employees, and all other persons or entities who are in active concert or participation with the foregoing are hereby permanently

ENJOINED from falsely claiming or implying in Super Dispatch's advertising and/or promotional materials that:

a) Central Dispatch lacks a way of marking preferred carriers;

b) Central Dispatch does not offer a way of blocking carriers;

c) Central Dispatch does not offer accountability for bad users;

d) CentralDispatch does not allow for booking loads twenty-four hours a day, seven days a week;

e) Super Dispatch can book loads even when carriers are not open for business;

f) Central Dispatch customer service only interacts with its members through email;

g) Central Dispatch does not verify carriers; and

h) Super Dispatch's products integrate with or interact in any way with Central Dispatch or that Central Dispatch is affiliated in any way with Super Dispatch.

8. Super Dispatch shall compensate Cox Automotive for Super Dispatch's misappropriation, tortious interference, and false advertising in the amount of Eight-Million, Five-Hundred Thousand Dollars ($8,500,000). This will be a structured settlement, with Three-Million Dollars ($3,000,000) paid on January 6, 2026, followed by Two-Million, Seven-Hundred-and-Fifty Thousand Dollars ($2,750,000) paid on or before June 30, 2026, followed by Two-Million, Seven-Hundred-and-Fifty Thousand Dollars ($2,750,000) on or before December 31, 2026. Failure to complete any payment with sufficient funds on the foregoing schedule shall be addressed through contempt proceedings and also shall result in a 25% increase of the original amount due to be paid, *e.g.*, a late payment of $3,000,000 shall trigger an additional amount due of $750,000.

9. Cox Automotive and Super Dispatch have agreed not to appeal from this Consent Injunction and not to attack the validity of this judgment or any provision thereof in any collateral or subsequent proceeding.

10. This Consent Injunction shall be deemed to have been served upon Super Dispatch at the time of its approval and entry by the Court.

**IT IS SO ORDERED.**

Date: December 23, 2025

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT